UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO S. AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED UNDERWRITERS, INC.,<br><br>Defendant. | No. 1:21-cv-01690-DAD-SAB<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS AND DENYING DEFENDANT'S REQUEST TO IMPOSE SANCTIONS<br><br>(Doc. No. 3) |

This matter is before the court on the motion to dismiss filed by defendant on December 1, 2021. (Doc. No. 3.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motion was taken under submission on the papers. (Doc. No. 4.) For the reasons explained below, the court will grant defendant's motion to dismiss and deny defendant's request to impose sanctions against plaintiff.

**BACKGROUND**

Plaintiff Gustavo S. Aguilar, proceeding *pro se*, initiated this action by filing a form personal injury complaint against defendant Applied Underwriters, Inc. in the Madera County Superior Court on October 20, 2021. (Doc. No. 1-2 at 9.) Defendant removed this action to this federal court on November 24, 2021 on the basis of diversity jurisdiction. (Doc. No. 1.)

On plaintiff's form complaint, plaintiff checked the boxes to allege that defendant is a corporation and that he has suffered loss of earning capacity, but he otherwise left the boxes on

1

the form complaint unchecked. (Doc. No. 1-2 at 9–11.) Plaintiff also attached to his complaint a copy of minutes from a Workers' Compensation Appeals Board ("WCAB") hearing held in 2009 regarding an injury plaintiff had sustained while hanging drywall in the course of his employment. (*Id.* at 14–15, 18.) Plaintiff did not otherwise attach to the form complaint any additional information or allegations in support of his claim.

This is not the first time that plaintiff has filed a civil action against defendant based on this alleged personal injury and loss of earning capacity. Rather, this action is plaintiff's *fourth* attempt to sue defendant based on these same allegations. *See Aguilar v. Applied Underwriters, Inc.* ("*Aguilar I*"), No. 1:17-cv-01692-LJO-SAB, 2018 WL 1142210, at *3 (E.D. Cal. Mar. 2, 2018) (dismissing plaintiff's complaint without leave to amend because the statute of limitations barred plaintiff's purported breach of contract claim against defendant for stopping payment of workers' compensation insurance benefits in 2008); *Aguilar v. Applied Underwriters, Inc.* ("*Aguilar II*"), No. 1:18-cv-00528-LJO-BAM, 2018 WL 3129935, at *2 (E.D. Cal. June 21, 2018) (dismissing plaintiff's complaint, with prejudice, as barred by the doctrine of *res judicata* and time-barred); *Aguilar v. Applied Underwriters, Inc.* ("*Aguilar III*"), No. 1:20-cv-00111-NONE-SKO, 2020 WL 4923629, at *5 (E.D. Cal. Aug. 21, 2020) (dismissing plaintiff's complaint, with prejudice, as barred by the doctrine of *res judicata*).

In the pending motion, defendant moves to dismiss plaintiff's complaint as barred by the doctrine of *res judicata* because plaintiff's complaint "involves exactly the same parties and same nucleus of facts" as plaintiff's three previous actions, all of which were dismissed and the most recent of which resulted in the imposition of Rule 11 sanctions against plaintiff. (Doc. No. 3 at 2) (citing *Aguilar III*, 2020 WL 8254264, at *2 (E.D. Cal. Nov. 12, 2020)). Defendant also moves in the alternative to dismiss plaintiff's complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure due to plaintiff's "failure to state a claim that is plausible on its face." (*Id.*) In addition, defendant requests that the court again impose sanctions against plaintiff, "up to and including declaring plaintiff a vexatious litigant and requiring him to obtain a pre-filing order, and monetary sanctions to cover the attorneys' fees and costs [defendant] has expended in defending this lawsuit a fourth time." (*Id.* at 3.)

2

Just as plaintiff failed to file a response to defendant's motions to dismiss in the prior three actions, plaintiff likewise failed to file an opposition or statement of non-opposition to the pending motion to dismiss in this action. Given plaintiff's lack of a response, the court will construe the pending motion as unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

**DISCUSSION**

*A.    Res Judicata*

"*Res judicata* bars a suit when 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *ProShipLine Inc. v. Aspen Infrastructures Ltd.,* 609 F.3d 960, 968 (9th Cir. 2010) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). *Res judicata* is applicable "when there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *Id.* (quoting *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002)).

The court has reviewed the district court's orders dismissing plaintiff's claims as barred by the doctrine of *res judicata* in *Aguilar II* and *Aguilar III*, and the undersigned agrees with the analysis set forth in those orders. Here too, there can be no question that all three elements of *res judicata* have been met and plaintiff's claims in this action are likewise barred by that doctrine. First, there is an identity of claims here because, although not entirely clear from plaintiff's form complaint, plaintiff appears to challenge the result of his workers' compensation appeal back in 2009 (related to an injury he allegedly sustained in 2006) and defendant's decision to discontinue paying workers' compensation insurance benefits to plaintiff—the same nucleus of facts alleged by plaintiff in *Aguilar I*, *Aguilar II*, and *Aguilar III*. (*See* Doc. No. 1-2.) Indeed, plaintiff attached the same WCAB hearing notice, minutes, and notes to his form complaint in this action that he had attached to his complaints in those three prior actions. (*See Aguilar I*, Doc. No. 1-1 at 58; *Aguilar II*, Doc. No. 1-1 at 17; *Aguilar III*, Doc. No. 1-2 at 13–18.) Second, each of the three prior orders of dismissal constitute a final judgment on the merits. *See Colodney v. Orr*, No. 5:14-cv-1973-VAP-SP, 2015 WL 1636818, at *5 (C.D. Cal. Apr. 9, 2015) (dismissal without leave to amend is a final judgment on the merits); *Nnachi v. City of San Francisco*, No. 3:10-cv-

00714-MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) ("Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits. Dismissal for failure to state a claim under Rule 12(b)(6) is also considered a final judgment on the merits."). Third, and finally, the parties in this action and the prior three actions are the same: plaintiff Aguilar and defendant Applied Underwriters, Inc.

Accordingly, the court will grant defendant's motion to dismiss this action, with prejudice, as barred by the doctrine of *res judicata*.[1]

**B.     Sanctions**

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). "However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*, 912 F.2d at 1147).[2]

In this district, Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." Local Rule 151(b). Specifically, § 391.1 of the California Code of Civil Procedure provides that "[a] defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security" subject to a showing "that the plaintiff is a vexatious litigant and that there is not

---

[1] Because the court will grant defendant's motion to dismiss on *res judicata* grounds, the court does not address defendant's alternative arguments for dismissal under Rule 8(a) and 12(b)(6).

[2] The Ninth Circuit has stated that the following four conditions must be met before the court enters such a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. *DeLong*, 912 F.2d at 1147-48.

a reasonable probability that they will prevail in the litigation against the moving defendant." Cal. Civ. Proc. Code § 391.1(a). Under California law, a "vexatious litigant" includes a person acting *in propria persona* who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 391(b)(3).

In *Aguilar II* and *Aguilar III*, the court declined defendant's requests for a court order declaring plaintiff a vexatious litigant. *See Aguilar III*, 2020 WL 4923629, at *6 (explaining that the Ninth Circuit has noted that for litigation to be deemed frivolous, the "party's number of filings should be 'inordinate'" and concluding that "plaintiff's three case filings do not rise to the inordinate quantity typically exhibited by vexatious litigants") (quoting *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1065 (9th Cir. 2014)). Instead, in *Aguilar III*, the court imposed a modest monetary sanction of $100 against plaintiff because he filed that complaint despite the court's explicit warning in *Aguilar II* that "further attempts to litigate this claim will not be looked upon kindly, and will be dealt with expeditiously," and that "[a]ny further filing or attempted filing of this complaint, or a complaint alleging the same claim, will be grounds for sanctions under Federal Rule of Civil Procedure 11." *See Aguilar III*, 2020 WL 4923629, at *5–6 (quoting *Aguilar II*, 2018 WL 3129935, at *3). That warning was repeated in the court's order imposing sanctions on November 12, 2020. *Aguilar III*, 2020 WL 8254264, at *1. Notwithstanding these warnings, and apparently undeterred by the imposition of a modest monetary sanction (which plaintiff did not pay), plaintiff filed the complaint initiating this action less than a year later.

Defendant now requests (for a third time), that the court impose sanctions against plaintiff "to deter him from continuing to harass [defendant] by filing successive unmeritorious, *res judicata*-barred complaints, which [defendant] must spend time and money to defend." (Doc. No. 3 at 6.) Specifically, defendant requests that "the court issue an order declaring plaintiff a vexatious litigant and requiring him to obtain an order of the court before filing any future lawsuits seeking to relitigate these issues yet again." (*Id.* at 12.) According to defendant, "plaintiff's actions after a stern warning in *Aguilar II* and a sanction in *Aguilar III* show that

5

declaring him a vexatious litigant is the only means to prevent [defendant] from further harassment." (*Id.* at 13.) Defendant also requests that the court impose "monetary sanctions in excess of the prior $100 amount." (*Id.* at 16.)

Ultimately, although the court is not unsympathetic to defendant's position, the undersigned is persuaded by the court's analysis in *Aguilar III*, in which the court cited to several decisions showing that the quantity of case filings typically exhibited by vexatious litigants is in the range of several dozen to hundreds—not single digits. *See Aguilar III*, 2020 WL 4923629, at *6 (citing *Molski*, 500 F.3d at 1050 ("filed about 400 lawsuits in the federal courts within the districts in California"); *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("35 actions filed by . . . [plaintiff] . . . in 30 jurisdictions"); *Reddy v. MedQuist, Inc.*, No. 5:12-cv-01324-PSG, 2012 WL 6020010, at *6 (N.D. Cal. Dec. 3, 2012) ("[Plaintiff] has literally filed tens of lawsuits against hundreds of defendants"); *Bobo v. Plymouth Hous. Grp.*, No. 6:14-cv-01071-AA, 2014 WL 6085858, at *2 (D. Or. Nov. 7, 2014) ("filed at least forty *pro se* complaints")). The court in *Aguilar III* explained that "[g]iven that the limited number of plaintiff's case filings (i.e., three) is not 'inordinate' in quantity, the court will not examine the substance of those filings." 2020 WL 4923629, at *6 (citing *Ringgold-Lockhart*, 761 F.3d at 1064–65). Notably, in the pending motion, defendant does not address *Aguilar III*'s analysis in this regard, nor does it point this court to any cases in which a plaintiff was declared a vexatious litigant based on the filing of four lawsuits. Against this backdrop and given that plaintiff's filing of the prior three actions was properly deemed insufficient to rise to the level of an "inordinate" quantity, the court concludes that plaintiff's filing of this (*fourth*) action is also insufficient under Ninth Circuit standards to support the issuance of a pre-filing order as defendant requests. *Cf. Stringham v. Bick*, No. 2:09-cv-02086-MCE-DAD, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (denying motion to declare plaintiff a vexatious litigant even though plaintiff brought more than five unsuccessful lawsuits over prior seven years).

In addition, the court will deny defendant's request to impose monetary sanctions at this time. The prior three actions were all initiated by plaintiff filing complaints in the Fresno County Superior Court, whereas plaintiff filed the complaint initiating this action in the Madera County

Superior Court. Even giving the benefit of any doubt to plaintiff, who is a non-lawyer and proceeding *pro se*, the undersigned recognizes that it is possible that plaintiff did not understand that the prior warnings in *Aguilar II* and *Aguilar III* were not limited to cautioning plaintiff against further attempts to litigate this claim in this federal court or in the Fresno County Superior Court. Accordingly, the court now provides clarification to plaintiff that the court's warnings apply to him attempting to further litigate his claim or file complaints against defendant Applied Underwriters, Inc. *in any court*, challenging the result of his workers' compensation appeal in 2009 (related to an injury he allegedly sustained in 2006).

## CONCLUSION

For the reasons explained above:

1. Defendant's motion to dismiss plaintiff's complaint as barred by the doctrine of *res judicata* (Doc. No. 3) is granted;

2. Plaintiff's complaint is dismissed, with prejudice;

3. Defendant's request for a court order declaring plaintiff a vexatious litigant and requiring him to obtain a pre-filing order is denied;

4. Defendant's request for a court order imposing monetary sanctions is denied;

5. Plaintiff is hereby warned that:

    a. Any further attempt to litigate this claim *in any court* will not be looked upon kindly and will be dealt with expeditiously;

    b. Any further filing or attempted filing of this complaint, or a complaint alleging the same claim, *in any court*, will be grounds for the imposition of sanctions under Federal Rule of Civil Procedure 11;

    c. Any further filing or attempted filing of this complaint, or a complaint alleging the same claim, *in any court*, may support a finding that plaintiff is a vexatious litigant, and plaintiff may be subjected to a pre-filing order requiring him to seek permission from the court prior to filing any future suits; and

/////

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 4, 2022**         /s/ Dale A. Drozd
                            UNITED STATES DISTRICT JUDGE